UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
SECURITIES INVESTOR PROTECTION            :
CORPORATION,                                              :         Adv. P. No. 08-01789 (SMB)
                                                                       :
            Plaintiff,                                          :         SIPA LIQUIDATION
                                                                       :
       – against –                                          :         (Substantively Consolidated)
                                                                       :
BERNARD L. MADOFF INVESTMENT      :
SECURITIES LLC,                                         :
                                                                       :
            Defendant.                                       :
---------------------------------------------------------X
                                                                       :
In re:                                                             :
                                                                       :
BERNARD L. MADOFF,                              :
                                                                       :
            Debtor.                                            :
---------------------------------------------------------X
                                                                       :
IRVING H. PICARD, Trustee for the           :         Adv. P. No. 11-02760 (SMB)
Liquidation of Bernard L. Madoff Investment  :
Securities LLC,                                          :
                                                                       :
            Plaintiff,                                          :
                                                                       :
       – against –                                          :
                                                                       :
ABN AMRO BANK N.V. (presently known as  :
THE ROYAL BANK OF SCOTLAND N.V.),  :
                                                                       :
            Defendant.                                       :
---------------------------------------------------------X

**ORDER WITHDRAWING May 4, 2017 MEMORANDUM DECISION
DENYING REQUEST TO CERTIFY JUDGMENT FOR DIRECT APPEAL TO
THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**A P P E A R A N C E S:**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111

    David J. Sheehan, Esq.
    Regina L. Griffin, Esq.
    Stacy A. Dasaro, Esq.
    Lauren M. Hilsheimer, Esq.
        Of Counsel

*Attorneys for Irving H. Picard, Trustee*
 *for the Liquidation of Bernard L. Madoff*
 *Investment Securities LLC*

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020

    Michael S. Feldberg, Esq.
        Of Counsel

*Attorneys for ABN AMRO Bank N.V.*
 *(presently known as The Royal Bank*
 *of Scotland N.V.)*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge**

       The Court previously denied the motion[1] of Irving H. Picard (the "Trustee"), the trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), to certify the appeal of the Court's dismissal of his claims against ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland N.V.) ("RBS") pursuant to 28 U.S.C. § 158(d)(2)(A). *See Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland N.V.)*, Adv. P. Nos. 08-01789 & 11-02760 (SMB), 2017 WL 1806506 (Bankr. S.D.N.Y. May 4, 2017) ("*Opinion Denying Certification*"). An issue

---

[1]    *See Memorandum of Law In Support of Trustee's Request for Certification of Judgment For Direct Appeal to the United States Court of Appeals for the Second Circuit Pursuant to 28 U.S.C. § 158(d)(2) and Fed. R. Bankr. P. 8006(f)*, dated Mar. 14, 2017 (the "*Certification Motion*") (ECF Doc. # 78). "ECF Doc. # ___" refers to documents filed on the electronic docket for the adversary proceeding, *Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland)*, Adv. P. No. 11-02760 (SMB).

subsequently arose regarding the Court's jurisdiction to issue the *Opinion Denying Certification*, and the Court concludes that it lacked jurisdiction. Accordingly, the *Opinion Denying Certification* is withdrawn.

## BACKGROUND

The Court assumes familiarity with its decision dismissing claims against RBS and similarly situated defendants, *see SIPC v. BLMIS* (*In re BLMIS*), Adv. P. Nos. 08-01789 & 11-02732 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 21, 2016), *consolidated appeal docketed*, Nos. 17-1341, *et al.* (2d Cir. Apr. 28, 2017), and the Court's subsequent denial of the Trustee's motion for a direct appeal to the Second Circuit. *See Opinion Denying Certification*.

After the Court issued the *Opinion Denying Certification*, the Trustee requested that the Court withdraw its decision for lack of jurisdiction. (*See Letter*, dated May 16, 2017 ("*Trustee Letter*") (ECF Doc. # 89).) The Trustee argued that pursuant to Rule 8006(b) of the Federal Rules of Bankruptcy Procedure the Court retained jurisdiction to decide the *Certification Motion* for a period of thirty days after he filed a notice of appeal, and jurisdiction thereafter passed to the District Court. The Trustee filed his *Notice of Appeal* on March 14, 2017 (ECF Doc. # 75), and hence, this Court's jurisdiction to decide the *Certification Motion* lapsed as of April 14, 2017. The Court did not issue the *Opinion Denying Certification* until May 4, 2017, after the thirty-day period. (*Trustee Letter* at 1-2.)

RBS responded by *Letter*, dated May 18, 2017 ("*RBS Letter*") (ECF Doc. # 91). According to RBS, the Trustee's request is moot for an entirely different reason. Rule

8006(f) of the Federal Rules of Bankruptcy Procedure required the Trustee to make a motion for direct appeal within sixty days of the underlying final order dismissing the claim against RBS, and the Trustee never made a separate motion in the District Court after this Court's jurisdiction lapsed.  (*RBS Letter* at 2.)  In addition, the entry of the *Opinion Denying Certification* did not violate Federal Bankruptcy Rule 8006 because the thirty-day restriction in the rule only applies to an order granting certification, not denying it.  (*Id.* at 2-3.)

## DISCUSSION

As discussed in the *Opinion Denying Certification*, 28 U.S.C. § 158(d) sets forth the circumstances under which a court (or parties acting jointly) can certify an appeal of a bankruptcy court order to the applicable court of appeals, thereby bypassing an appeal to the district court.  2017 WL 1806506, at *3; *see also Weber v. United States Tr.*, 484 F.3d 154, 157-61 (2d Cir. 2007).  Rule 8006(b) of the Federal Rules of Bankruptcy Procedure, which describes jurisdiction over a motion for certification, states:

> The certification must be filed with the clerk of the court where the matter is pending.  For purposes of this rule, a matter remains pending in the bankruptcy court for 30 days after the effective date under Rule 8002 of the first notice of appeal from the judgment, order or decree for which direct review is sought.  A matter is pending in the district court . . . thereafter.

FED. R. BANKR. P. 8006(b).  Subsection (d) of the same Rule provides, "Only the court where the matter is pending, as provided in subdivision (b), may certify a direct review on request of parties or on its own motion."  FED. R. BANKR. P. 8006(d).  Thus, if the motion for certification is filed within thirty days of the notice of appeal, it must be filed with the clerk of the Bankruptcy Court, and the Bankruptcy Court retains jurisdiction for the same thirty days to decide the request for certification.  The Rule is designed to

11-02760-lgb    Doc 97    Filed 07/19/17    Entered 07/19/17 10:31:03    Main Document
Pg 5 of 7

give "the bankruptcy judge, who will be familiar with the matter being appealed, an opportunity to decide whether certification for direct review is appropriate." FED. R. BANKR. P. 8006 advisory committee notes (2014). After thirty days from the filing of the notice of appeal, the Bankruptcy Court loses jurisdiction, and the matter is deemed pending in the District Court. *Buchwald Capital Advisors, LLC v. Papas* (*In re Greektown Holdings, LLC*), Case No. 08-53104 (PDB), 2016 WL 825537, at *1-2 (E.D. Mich. Feb. 24, 2016) (where the motion to certify was filed in the Bankruptcy Court prior to the expiration of the thirty day period but objections were filed after the thirty day period, the District Court should decide the certification motion); *cf. Idea Boardwalk, LLC v. Revel AC, Inc.* (*In re Revel AC, Inc.*), Case No. 14-22654 (JBS), 2015 WL 333341, at *2 (D. N.J. Jan. 23, 2015) (denying a motion for certification made in the District Court prior to the expiration of the 30 day period in Federal Bankruptcy Rule 8006(b) as procedurally improper); *see also* 10 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 8006.07 at 8006-9 (16th ed. 2017) ("The sole remaining unresolved problem will occur when a request is made to the bankruptcy court before the 30 day period has run but that court has not ruled before the 30 days has expired. At that point, the matter is no longer pending in the bankruptcy court and it no longer has the power to make the certification.").

Here, the Trustee filed his *Notice of Appeal* from the dismissal order on March 14, 2017 and filed the *Certification Motion* on the same day. After RBS objected to the motion on March 28, (ECF Doc. # 83), the Court held a hearing on March 29, took the matter under advisement, and rendered the *Opinion Denying Certification* on May 4. However, under the plain language of Rule 8006(b), this Court lost jurisdiction to

decide the *Certification Motion* on April 14, 2017 (the 31st day after the Trustee's *Notice of Appeal*). Consequently, the *Opinion Denying Certification* was issued in error, and is withdrawn.

RBS' assertion that Rule 8006's thirty-day limitation only applies when a court *grants* certification, but not when it *denies* certification, (*RBS Letter* at 2-3), is not persuasive. Rule 8006(b) states that the matter remains pending in the Bankruptcy Court for thirty days after the filing of the notice of appeal, and thereafter, is pending in the District Court. Rule 8006(b) does not say that the matter remains pending in the Bankruptcy Court after the thirty day period for certain purposes, such as to deny a certification motion. While Rule 8006(d) states that only the court where the matter is pending can certify the appeal, this does not imply that the thirty-day limit does not apply to a denial of certification. RBS' interpretation would permit a Bankruptcy Court to deny a certification motion in a matter that is no longer pending in the Bankruptcy Court.

Finally, RBS argues that a withdrawal of the *Opinion Denying Certification* is moot because the Trustee failed to file a timely, separate motion for certification in the District Court. (*RBS Letter* at 2.) Rule 8006(f) places an absolute deadline for making a request to certify an appeal; the request "must be filed with the clerk of the court where the matter is pending within 60 days after the entry of the judgment, order or decree." FED. R. BANKR. P. 8006(f). The order dismissing the Trustee's claims against RBS was entered on March 3, 2017, (ECF Doc. # 74), and the sixty-day period to make a certification motion in the "court where the matter is pending" expired on May 2, 2017. Although the Trustee made a timely motion in the Bankruptcy Court, RBS argues that

11-02760-lgb    Doc 97    Filed 07/19/17    Entered 07/19/17 10:31:03    Main Document
Pg 7 of 7


the Trustee never made a motion in the District Court after the Bankruptcy Court's jurisdiction lapsed. In other words, the *Certification Motion* cannot be deemed filed in the District Court after the lapse of Bankruptcy Court jurisdiction, and the Trustee had to make a new motion in the District Court on or before May 2, 2017 which he admittedly did not do.

The Court expresses no view on this question and leaves it to the District Court.

## CONCLUSION

For the reasons set forth herein, the *Opinion Denying Certification* is withdrawn. So ordered.

Dated: New York, New York
       July 19, 2017

                                   /s/ *Stuart M. Bernstein*
                                   STUART M. BERNSTEIN
                                   United States Bankruptcy Judge